## Case No. 12,385.

### SAVANNAH v. ATLANTIC & G. R. CO.

[3 Woods, 432.] [1]

Circuit Court, S. D. Georgia. April, 1879.

RAILROAD COMPANIES—TAXATION—BY MUNICIPAL BODIES—GEORGIA CONSTITUTIONAL PROVISION.

1. The act of the general assembly of Georgia of February 28, 1874 (Laws 1874, p. 107), which requires railroad companies to return the value of their property to the comptroller-general, to be taxed as the property of other citizens, gives no authority to local or municipal bodies to tax the property of such companies.

2. The constitution of Georgia of 1877, which abolishes all laws exempting property from taxation, does not thereby impose any tax. Until the legislature authorizes a tax, none can be collected, and then only the particular tax authorized.

Heard on the petition of the mayor and common council of the city of Savannah, for allowance of taxes for the years 1877 and 1878, in property of the Atlantic & Gulf Railroad Company in the city.

W. D. Harden, for petitioners.

W. S. Chisholm, for complainants.

Robt. Falligant, for railroad company.

H. R. Jackson, A. R. Lawton, and W. S. Basinger, for receivers.

BRADLEY, Circuit Justice. The claim in this case is based on two grounds: (1) That the act of 1874, subjecting the company to taxation as other citizens, has abolished the exemption granted by the company's charter, and has made its property taxable in all places. (2) That the constitution of 1877 has abolished all laws exempting property from taxation, except certain enumerated classes of property held for benevolent and public purposes, and, therefore, the property of the company is, at all events liable to be taxed since 1877.

The first ground is clearly untenable. The act of 1874 did nothing more than declare that all railroad companies should annually return the value of their property to the comptroller-general to be taxed as other property of the people of the state, and that they should pay him the taxes assessed upon such property. This law clearly gives no authority to local and municipal bodies to tax the companies also. It might as well be said that because I authorize one man to pick cherries off my trees, therefore everybody has a right to do it. Taxation can only be imposed by law, and when the law prescribes how it is to be imposed, no one else has a right to exact it differently.

The second ground is no more tenable than the first. The constitution of 1877, it is true, says that "all laws exempting from taxation other than the property herein enumerated, shall be void." If this clause relates to past as well as future laws, still its only effect is to abolish exemption and to leave the legis-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

lature free to tax all kinds of property. But until the legislature imposes a tax, no tax can be collected, and when it imposes only a particular tax, that alone can be collected.

Now, as we have seen, the legislature has imposed a particular tax, and none other, on railroad companies, and has made that tax payable to the comptroller, and not to the county or municipal authorities. The result is, that these authorities have acquired no right to tax the property of the companies. This seems to us very obvious, and requires no further discussion.

The application is denied.